[Cite as *State v. Hale*, 2014-Ohio-4981.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 14-CA-00010 |
| RUSSELL HALE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Perry County
                             Court of Common Pleas, Case No. 13-CR-
                             0053


JUDGMENT:                    Affirmed in part, reversed in part and
                             remanded


DATE OF JUDGMENT ENTRY:      November 6, 2014


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

DAVID ROWLAND                         MICHAEL DALSANTO
Assistant Prosecuting Attorney        3 South Park Place, Ste. 220
111 N. High Street                    Newark, OH  43055
Box 269
New Lexington, OH 43764

*Gwin, P.J.*

{¶1}   Appellant Russell Hale ["Hale"] appeals his convictions and sentences after a negotiated guilty plea in the Perry County Court of Common Pleas for two counts of Aggravated Trafficking in Drugs, both felonies of the fourth degree, one count Aggravated Trafficking in Drugs, a felony of the third degree, and one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree.

*Facts and Procedural History*

{¶2}   Hale was originally indicted by the Perry County Grand Jury with five counts of Aggravated Trafficking in Drugs, felonies of the fourth degree, one count of Aggravated Trafficking in Drugs, a felony of the third degree, two counts of Deception to Obtain a Dangerous Drug, felonies of the second degree, one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree, as well as a forfeiture specification.

{¶3}   Pursuant to a negotiated plea, on February 5, 2014 Hale entered a guilty plea to two counts of Aggravated Trafficking in Drugs, felonies of the fourth degree, one count Aggravated Trafficking in Drugs, a felony of the third degree and one count of Engaging in a Pattern of Corrupt Activity, a felony of the first degree. In consideration for his guilty plea, the state dismissed the remaining counts of the indictment. The Court ordered a presentence investigation and deferred sentencing.

{¶4}   On February 20, 2014, Hale's attorney presented information that Hale should not have to pay any mandatory fines because he is indigent. The Court specifically asked counsel if he had filed a motion to waive the mandatory fines, which trial counsel responded that he had not. The Court then proceeded to sentencing. On

the two counts of Aggravated Trafficking in Drugs, the Court sentenced Hale on each count to nine months in a State Penal Institution, a $1,000 fine, as well as a six (6) month driver's license suspension. On one count of Aggravated Trafficking in Drugs, the Court sentenced Hale to nine months in a State Penal Institution, imposed a $5,000 fine, as well as a six-month driver's license suspension. Finally, with respect to one count of Engaging in a Pattern of Corrupt Activity, the Court sentenced Hale to six (6) years in a State Penal Institution.

*Assignments of Error*

{¶5}    Hale raises four assignments of error,

{¶6}    "I. TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO SUBMIT A FINANCIAL AFFIDAVIT AND/OR FILE A MOTION TO WAIVE MANDATORY FINES.

{¶7}    "II. THE TRIAL COURT ERRED BY FINDING WITHOUT A HEARING THAT APPELLANT COULD REASONABLY PAY THE MANDATORY FINE UNDER R.C. 2929.18 AND BY NEVER CONSIDERING APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY THE AMOUNT OF THE FINE.

{¶8}    "III. THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH CRIM. R. 11(F) BECAUSE AN ESSENTIAL ELEMENT OF THE PLEA AGREEMENT WAS NOT DISCUSSED ON THE RECORD; TO WIT, THE PROSECUTOR'S RECOMMENDED PRISON TERM.

{¶9}    "IV. APPELLANT DID NOT ENTER HIS PLEA KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY BECAUSE THE COURT NEVER EXPLAINED

THE REQUIREMENTS NECESSARY FOR A GUILTY FINDING UNDER R.C. 2923.32."

I.

{¶10} In his first assignment of error, Hale argues that he was deprived of the effective assistance of counsel when, before he was sentenced, his trial counsel failed to file an affidavit of indigency alleging that Hale was unable to pay the mandatory fine in R.C. 2929.18 applicable to his felony drug offense.

{¶11} In order to demonstrate ineffective assistance of trial counsel, Defendant must demonstrate that counsel's performance was deficient and fell below an objective standard of reasonable representation, and that Defendant was prejudiced by counsel's performance; that is there is a reasonable probability that but for counsel's unprofessional errors, the result of Defendant's trial or proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

{¶12} R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses. That section provides:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶13} If the affidavit of indigency is not filed, the court "*shall* impose upon the offender a mandatory fine." (Emphasis added.) *State v. Moore,* 135 Ohio St.3d 151,

2012-Ohio-151, 985 N.E.2d 432, ¶13. The timeliness of an affidavit pursuant to R.C. 2929.19(B)(1) is critical: "the fact that the affidavit was not properly filed prior to sentencing is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." *Gipson*, 80 Ohio St.3d at 633, 687 N.E.2d 750.

**{¶14}** Although Hale's fine was mandatory under R.C. 2929.18, the trial court still was obligated by R.C. 2929.19(B)(5) to consider his "present and future ability to pay." *State v. Kelly*, 145 Ohio App.3d 277, 282, 762 N.E.2d 479(12th Dist. 2001); *State v. Johnson*, 12th Dist. CA2011-11-212, 2014-Ohio-3776, ¶12; ¶17; *State v. Williams,* 11th Dist. Lake No. 2012-L-111, 1014-Ohio-65, ¶19; *State v. Pilgrim*, 184 Ohio App.3d 675,2009-Ohio-5357, 922 N.E.2d 248, ¶¶76-77(10th Dist.); *State v. Oritz*, 6th Dist. Sandusky No. S-13-011, 2014-Ohio-1301, ¶17; *State v. Lewis,* 2nd Dist. 2011-CA-75, 2012-Ohio-4858, ¶9,

**{¶15}** As this Court explained in *State v. Perry*, 5th Dist. Stark No. 2004-CA-00066, 2005-Ohio-85:

> "[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record." *State v. Martin*, 140 Ohio App.3d 326, 338, 2000-Ohio-1942; 747 N.E.2d 318(4th Dist.). Although a court may hold a hearing under R.C. 2929.18(E) "to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it," a court is not required to do so. *State v. Stevens*, 12th Dist. Clinton No. CA98-01-001, 1998 WL 640889(Sept. 21, 1998) ("although the trial court must consider the offender's ability to pay, it need not hold a separate

hearing on that issue"). "All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay." *State v. Dunaway*, 12th Dist. Butler No. CA2001-12-280, 2003-Ohio-1062; *Martin*, 140 Ohio App.3d at 33, 746 N.E.2d 642" Id. at *4-5, 746 N.E.2d 642. *See also State v. Thompson*, 5th Dist. No. 06-CA-62, 2008-Ohio-435, at ¶19.

{¶16} While it would be preferable for the trial court to expressly state on the record that it has considered a defendant's present and future ability to pay a fine, it is not required. *State v. Parker*, 2nd Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶ 42, *citing State v. Slater*, 4th Dist. Scioto No. 01 CA2806, 2002-Ohio-5343. "The court's consideration of that issue may be inferred from the record under appropriate circumstances." Id.

{¶17} Ordinarily, "[i]nformation regarding [the] Defendant's financial status is typically outside the record on merit appeal. Then, the more appropriate vehicle for pursuing that issue is post-conviction relief proceedings filed pursuant to R.C. 2953.21." *State v. Sheffield*, 2nd Dist. Montgomery No. 20029, 2004–Ohio–3099, ¶14.

{¶18} In the case at bar counsel for Hale did state before sentencing that Hale was unable to pay any mandatory fine. (Change of Plea T. February 5, 2014 at 3-4). Hale was born March 5, 1957, making him 57 years old at the time of sentencing. (Affidavit of Indigency filed Sept. 13, 2013). Hale was given an aggregate prison sentence of six years. Counsel further noted,

> Additionally, Your Honor, I have a health summary that I can briefly go through of Russell's conditions obviously you can see he has an

oxygen tank here, he has hypertension, COPD, IBS, he's got coronary artery disease, obstructive sleep apnea. He had a stroke in February of 2013, he has leg pains, there is additional ones, that are... seizures—he has as well, Your Honor, he's on a whole host of medications as we know that this would be a certainly a hindrance on any State Institution.

(Change of Plea T. February 5, 2014 at 2). The affidavit submitted in support of appointment of counsel indicates that Hale's source of income is Social Security Disability. Nowhere on the record does the trial court consider Hale's "present and future ability to pay" pursuant to R.C. 2929.19(B)(5).

{¶19} The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found Defendant indigent and relieved him of the obligation to pay the fine had the affidavit been filed. *State v. Ward,* 197 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374(2nd Dist.), ¶34, citing *State v. Howard,* 2nd Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶15 and *State v. Sheffield*, 2nd Dist. Montgomery No. 20029, 2004–Ohio–3099, ¶13. *Accord, State v. Johnson*, 12th Dist. CA2011-11-212, 2014-Ohio-3776, ¶11; *State v. Williams,* 11th Dist. Lake No. 2012-L-111, 1014-Ohio-65, ¶26.

{¶20} On this record, we find that a reasonable probability exists that the trial court would have found Hale indigent and unable to pay the mandatory fine for his felony drug offense had defense counsel filed an affidavit of indigency prior to sentencing. *See Ward* at ¶35 (based on defendant's and her counsel's numerous assertions at the sentencing hearing regarding defendant's employment prospects,

financial assets, health, and financial obligations, there was a reasonable probability that the trial court would have found defendant indigent if her trial counsel had filed an affidavit of indigency prior to sentencing). Accordingly, Hale's first assignment of error is sustained.

{¶21} Having sustained Hale's first assignments of error, the portion of the trial court's judgment imposing a mandatory fine will be reversed, and this matter will be remanded to the trial court for a hearing pursuant to R.C. 2929.18(E) and R.C. 2929.19(B)(5) in order to determine whether Hodge is indigent and whether Hale has the ability to pay the mandatory fine imposed by statute.

II.

{¶22} In his second assignment of error, Hale contends the trial court failed to consider his ability to pay the mandatory fine.

{¶23} In light of our disposition of Hale's first assignment of error, we find Hale's second assignment of error to be premature.

III.

{¶24} In his third assignment of error, Hale argues that the trial court failed to comply with Crim. R. 11(F) because it omitted an essential element of the plea agreement from discussion on the record. Specifically, Hale contends that the trial court did not discuss the prosecutor's recommended sentence.

{¶25} Crim. R. 11(F) states, "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court."

{¶26} In the case at bar, the written plea agreement was filed with the trial court. Hale's argument that the prosecutor's recommended sentence was an essential part of the plea agreement is disingenuous in several respects.

{¶27} First, at the change of plea hearing held February 5, 2014, Hale specifically rejected the prosecutor's sentencing recommendation. (Id. at 2). Second, at that sentencing hearing held February 20, 2014, Hale through his attorney strenuously argued that the trial court should not follow the state's sentencing recommendation. (Id. at 1-4). Clearly, Hale was aware of the state's recommendation.

{¶28} In the face of Hale's rejection of the state's sentencing recommendation, Hale has failed to articulate to this Court how he has been prejudiced by any failure of the trial court to state specifically that recommendation in open court.

{¶29} Hale's third assignment of error is overruled.

IV.

{¶30} In his fourth assignment of error, Hale contends that at no time did the trial court explain to him that the elements of the offense in a manner detailed enough to make the plea voluntary, knowing and intelligent. Hale argues where a defendant pleads guilty to a crime without having been informed of the crime's elements, the voluntary, knowing and intelligent standard for a plea is not met and the plea is invalid citing *Bradshaw v. Stumpf,* 545 U.S. 175, 125 S. Ct 2398, 162 L. Ed. 2d 143(2005). However, In *Stumpf*, the United States Supreme Court actually held,

> While the court taking a defendant's plea is responsible for ensuring "a record adequate for any review that may be later sought," *Boykin v. Alabama*, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274

(1969) (footnote omitted), *we have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.* (Emphasis added).

545 U.S. at 183, 125 S.Ct. 2398, 162 L.Ed.2d 143. Where competent counsel assures the court that the defendant has been informed of the nature and elements of the crime, we may rely on this assurance to find that the defendant has been properly informed. *Id.* Indeed, even absent a clear showing on the record, we presume that counsel did in fact explain the nature of the offense to the defendant. Id.

{¶31} In the case at bar, Hale informed the trial court that he had discussed the matter with his attorney and he was satisfied with his attorney's advice and representation. (T. Change of Plea, Feb. 5, 2014 at 2). Hale further assured the trial court that he reviewed the written plea agreement with his attorney, that Hale had read the written plea agreement and that Hale understood the written plea agreement. (Id. at 4). The written plea agreement contains Hale's assurance to the trial court that he "understand[s] the nature of the charges and the possible defenses I might have. I am satisfied with my attorney's advice and competence. I am not under the influence of drugs or alcohol." The written plea agreement contains the elements of each offense.

{¶32} Finally, the specific elements of the crimes of aggravated trafficking in drugs and engaging in a pattern of corrupt activity were specifically addressed by the trial court with Hale in open court. (Id. at 5-7).

**{¶33}** Accordingly, the record in the case at bar accurately reflects that the nature of the charge and the elements of the crime were explained to Hale by his own, competent counsel, the written plea agreement and in open court by the trial judge.

**{¶34}** Hale's fourth assignment of error is overruled.

*Conclusion*

**{¶35}** Hale's second, third and fourth assignments of error are overruled.

**{¶36}** Having sustained Hale's first assignments of error, the portion of the trial court's judgment imposing a mandatory fine will be reversed, and this matter will be remanded to the trial court for a hearing pursuant to R.C. 2929.18(E) and R.C. 2929.19(B)(5) in order to determine whether Hodge is indigent and whether Hale has the ability to pay the mandatory fine imposed by statute. In all other respects, the trial court's judgment will be affirmed.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur