[Cite as *State v. Webb*, 2015-Ohio-3318.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 14 CA 85 |
| BURKE W. WEBB, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2014 CR 73R


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      August 17, 2015


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

BAMBI COUCH PAGE                      CASSANDRA J. M. MAYER
PROSECUTING ATTORNEY                  452 Park Avenue West
38 South Park Street                  Mansfield, Ohio  44906
Mansfield, Ohio  44902

*Wise, J.*

{¶1}    Appellant Burke Webb, Jr. appeals the October 7, 2014, Judgment Entry of the Richland County Court of Common Pleas denying the waiver of the mandatory fine.

{¶2}    Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}    On January 24, 2014, Appellant Burke Webb was charged with Trafficking in Drugs, a felony of the third degree, in the Mansfield Municipal Court. Appellant waived his right to a preliminary hearing and the case was bound over to the Richland County Common Pleas Court on February 7, 2014.

{¶4}    On March 7, 2014, Appellant was indicted by the Grand Jury and the indictment was filed with the Court.

{¶5}    On June 25, 2014, Appellant, through counsel, agreed to a plea agreement and changed his plea to guilty to the second count of the indictment. The entry reflecting that change of plea was filed with the Court on June 27, 2014.

{¶6}    On August 6, 2014, at approximately 1:00 p.m., the trial court sentenced Appellant.

{¶7}    At approximately 2:25 p.m. on August 6, 2014, after the trial court had concluded Appellant's sentencing hearing, Appellant filed a Financial Disclosure/ Affidavit of Indigency form with the Clerk of Courts.

{¶8}    The Judgment Entry through which the sentence was imposed was filed by the Clerk of Courts on August 7, 2014.

**{¶9}** No appeal was taken from that Judgment Entry until a Motion for Delayed Appeal was filed with this Court.

**{¶10}** On September 17, 2014, Appellant filed a Motion for Judicial Release and a Motion to Waive Mandatory Fine.

**{¶11}** On September 26, 2014, the State filed its response to Appellant's Motions.

**{¶12}** By Judgment Entry filed October 7, 2014, the trial court denied Appellant's request in each of them.

**{¶13}** On November 7, 2014, Appellant filed his Request for Delayed Appeal and Notice of Appeal with this Court based upon the trial court denying the waiver of the mandatory fine.

**{¶14}** Appellant raises the following error for review:

## ASSIGNMENT OF ERROR

**{¶15}** "I. THE TRIAL COURT ERRED WHEN IT IMPOSED A MANDATORY FINE OF $5,000.00, AS DEFENDANT DEMONSTRATED HIS INDIGENCE WITH AN AFFIDAVIT FILED WITH THE COURT AT THE TIME OF SENTENCING AND THE COURT FURTHER ERRED WHEN COURT COSTS WERE ORDERED TO BE PAID IN THE SENTENCING ENTRY WHEN SAME WAS NOT ORDERED ON THE RECORD."

**I.**

**{¶16}** In his sole Assignment of Error, Appellant argues that the trial court erred in imposing a mandatory fine and costs as part of his sentence. We disagree.

**{¶17}** R.C. §2929.18(B) governs mandatory fines. R.C. §2929.18(B)(1) states

that "[f]or a first, second, or third degree felony violation of any provision of Chapter 2925 * * * of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section." The maximum fine for a felony of the third degree is $5,000.00.

{¶18} R.C. §2929.18(B)(1) further states that a sentencing court shall impose a mandatory fine upon an offender unless (1) the offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine, and (2) the court determines that the offender is in fact an indigent person and is unable to pay the mandatory fine. *State v. Gipson,* 80 Ohio St.3d 626, 631, 687 N.E.2d 750 (1998).

{¶19} In the present case, Appellant did not file his affidavit of indigency prior to sentencing. The record does not show the trial court determined Webb was an indigent person and was unable to pay the mandatory fine based on an affidavit of indigency filed prior to sentencing.

{¶20} In *State v. Slagle,* 5th Dist. Richland No. 12CA62, 2013–Ohio–230, this Court held that it was error for a trial court to vacate a mandatory fine based on an affidavit of indigency filed after sentencing. We determined the issue of the mandatory fine was *res judicata.*because the appellant in *Slagle,* unlike the Appellant herein, did not appeal his sentence that imposed the mandatory fine. We relied upon *State v. Perry,* 10 Ohio St.2d 175, 176 to find Appellant's claim was barred *by res judicata*:

> Under the doctrine of res judicata, a final judgment of conviction bars a
> convicted defendant who was represented by counsel from raising and

litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

**{¶21}** We further held in *Slagle* the trial court was without jurisdiction to vacate its own valid final judgment. *Slagle* at ¶ 9. The exceptions to that rule are to (1) correct a void sentence or (2) to correct a clerical error. *Id.* at ¶ 9.

**{¶22}** Here, at the time of sentencing, the trial court's imposition of the mandatory fine was valid because Appellant failed to file an affidavit of indigency prior to sentencing pursuant to R.C. §2929.18(B)(1).

**{¶23}** Further, Ohio law does not prohibit a court from imposing a fine on an "indigent" defendant. That is, the filing of an affidavit of indigency does not automatically entitle a defendant to a waiver of a mandatory fine. *State v. Knox,* 8th Dist. Cuyahoga Nos. 98713 and 98805, 2013–Ohio–1662, ¶ 36. Under Ohio law, a trial court must impose a mandatory fine unless (1) the offender files an affidavit of indigency prior to sentencing, and (2) "the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson,* 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). In making its indigency determination, the court must consider both the offender's present and future ability to pay the fine. R.C. §2929.19(B)(5).

**{¶24}** Additionally, the trial court need not make an "affirmative finding that an offender is able to pay a mandatory fine." *Id.* at 635. Instead, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *Id.* We review the trial court's decision to impose a fine on an indigent

defendant for an abuse of discretion. *State v. Ficklin,* 8th Dist. Cuyahoga No. 99191, 2013–Ohio–3002, ¶ 5. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶25} Appellant's sole Assignment of Error is not well-taken and hereby overrule same.

{¶26} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0730