[Cite as *State v. Elrod*, 2016-Ohio-987.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,                   CASE NO.  1-15-49

     v.

KIMBERLY C. ELROD,                   O P I N I O N

     DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR20140464

Judgment Reversed and Cause Remanded

Date of Decision:  March 14, 2016

APPEARANCES:

    *Valerie Kunze* for Appellant

    *Jana E. Emerick* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Kimberly C. Elrod ("Elrod"), appeals the May 18, 2015 judgment entry of sentence of the Allen County Court of Common Pleas. For the reasons that follow, we reverse.

{¶2} On October 17, 2014, the Allen County Grand Jury indicted Elrod on Count One of illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(b), a first-degree felony, Count Two of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), (C), a second-degree felony, and Counts Three, Four, Five, and Six of endangering children in violation of R.C. 2919.22(B)(6), (E)(3), third-degree felonies. (Doc. No. 1). On November 3, 2014, Elrod entered pleas of not guilty to the counts of the indictment. (*See id.*); (Doc. No. 80).

{¶3} The case proceeded to a jury trial on March 31 and April 1 and 2, 2015. (*See* Doc. No. 80). The jury found Elrod guilty of all of the counts of the indictment. (Trial Tr., Vol. III, at 511-515); (Doc. Nos. 74-80). The trial court sentenced Elrod on May 18, 2015. (Sentencing Tr. at 1). As part of the sentence it imposed on Elrod, the trial court ordered that Elrod pay mandatory fines of $10,000 on Count One and $7,500 on Count Two. (*Id.* at 15). The trial court filed its judgment entry of sentence on May 18, 2015. (Doc. No. 66).

{¶4} On July 17, 2015, after this court granted her motion for leave to file a delayed appeal, Elrod filed a notice of appeal. (Doc. No. 100). She raises two assignments of error for our review. Because it is dispositive, we address only Elrod's first assignment of error.

**Assignment of Error No. I**

**Kimberly Elrod received ineffective assistance of counsel when appointed counsel failed to advocate against mandatory fines despite her demonstrated inability to pay. Sixth and Fourteenth Amendments to the United States Constitution; Sections 1 and 10, Article I of the Ohio Constitution; *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). (Sentencing T.pp. 1-18; May 18, 2015 Judgment Entry of Sentencing.)**

{¶5} In her first assignment of error, Elrod argues that she received ineffective assistance of counsel because her trial counsel "failed to raise the issue of ability to pay" the mandatory fines and did not file an affidavit of indigency as to her ability to pay mandatory fines under R.C. 2929.18(B)(1). (Appellant's Reply Brief at 2). The State, on the other hand, argues that Elrod did not receive ineffective assistance of counsel "because the record lacks detailed evidence establishing defendant's indigent status at the time of sentencing and, more importantly, lacks evidence of defendant's future ability to make payments on a mandatory fine over time." (Appellee's Brief at 6).

{¶6} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the

circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In the event of deficient or unreasonable performance, prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *See State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

{¶7} R.C. 2929.18(B) governs the imposition of mandatory fines. *See State v. Webb*, 5th Dist. Richland No. 14 CA 85, 2015-Ohio-3318, ¶ 17. "R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses." *State v. Hale*, 5th Dist. Perry No. 14-CA-00010, 2014-Ohio-4981, ¶ 12. That statute provides:

> For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable

to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

R.C. 2929.18(B)(1).

{¶8} The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found the defendant indigent and relieved the defendant of the obligation to pay the fine had the affidavit been filed. *State v. Harrison*, 3d Dist. Logan No. 8-14-16, 2015-Ohio-1419, ¶ 92, citing *State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 15, citing *State v. Sheffield*, 2d Dist. Montgomery No. 20029, 2004-Ohio-3099, ¶ 5. In addressing this issue, courts consider "factors such as age, criminal record, employment history, ability to post bond, ability to retain counsel for trial, and the untimely affidavit of indigency." *Howard* at ¶ 16, citing *Sheffield*.

{¶9} Under the particular circumstances of this case, we conclude that the record shows a reasonable probability that the trial court would have found Elrod indigent and relieved her of the obligation to pay the fine had her trial counsel filed a R.C. 2929.18(B)(1) affidavit. To begin, weighing against a reasonable-probability showing, the record reflects that Elrod was able to post a surety bond

to secure her release from jail pending trial. (Doc. No. 10). *See Harrison* at ¶ 93; *Sheffield* at ¶ 15; *State v. Dixon*, 2d Dist. Montgomery No. 23671, 2010-Ohio-4919, ¶ 15. However, several other factors present in the record—specifically, in the presentence investigation report ("PSI")—weigh in favor of concluding that a reasonable probability exists that the trial court would have found Elrod indigent had an affidavit been filed. *See State v. Parsley*, 10th Dist. Franklin No. 09AP-612, 2010-Ohio-1689, ¶ 66-67 (examining the presentence investigation report to determine whether trial counsel was ineffective for failing to file an affidavit of indigency), citing *State v. McDowell*, 11th Dist. Portage No. 2001-P-0149, 2003-Ohio-5352, ¶ 76.

{¶10} According to the PSI, Elrod is 43 years old and in poor physical health. (PSI). The PSI reflects a long list of physical and mental impairments that would limit Elrod's employment opportunities. *See Hale*, 2014-Ohio-4981, at ¶ 18; *State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794, ¶ 35 (2d Dist.); *State v. Hodge*, 2d Dist. Montgomery No. 23964, 2011-Ohio-633, ¶ 69. At the time the PSI was completed, Elrod was taking nine medications. (PSI). *See Hale* at ¶ 18. The PSI also provides that Elrod "is currently unemployed" and "last worked at Subway in Georgia for 2 months in 2007." (PSI). *See Ward* at ¶ 35; *Hodge* at ¶ 69; *Parsley* at ¶ 66. Elrod's source of income is disability benefits from Social Security. (PSI). *See Hale* at ¶ 18; *Hodge* at ¶ 69. She also receives food stamps

and benefits from Social Security for her children. (PSI). *See Hodge* at ¶ 69. Elrod "has no savings and is in debt for past cash loans." (PSI). *See Ward* at ¶ 35. Elrod graduated from a vocational school in 1993 and "attended 1 year of general college classes at Ohio State University in Lima, Ohio in 1994." (PSI). *See Parsley* at ¶ 66. Elrod has prior criminal convictions. (PSI). *See Hodge* at ¶ 69.

{¶11} We conclude that, under the particular circumstances of this case reflected in the record, a reasonable probability exists that the trial court would have found Elrod indigent and relieved her of the obligation to pay the mandatory fines had Elrod's trial counsel filed an affidavit of indigency under R.C. 2929.18(B)(1). Accordingly, we hold that Elrod received ineffective assistance of counsel to the extent her trial counsel failed to file an affidavit of indigency under R.C. 2929.18(B)(1). *See Hale* at ¶ 20; *Ward* at ¶ 35; *Hodge* at ¶ 71; *Parsley* at ¶ 67. We hasten to point out that, while in this particular case reversal is warranted, reversal is not warranted in every case where a defendant's trial counsel does not file an affidavit of indigency under R.C. 2929.18(B)(1). *See, e.g.*, *Harrison*, 2015-Ohio-1419, at ¶ 93-95.

{¶12} Elrod's first assignment of error is sustained. We affirm the convictions herein; however, we reverse the judgment of the trial court and remand solely for the trial court to resentence Elrod and to provide her an

opportunity to file an affidavit of indigency prior to sentencing. *See Parsley*, 2010-Ohio-1689, at ¶ 69.

### Assignment of Error No. II

**The trial court erred by ordering Ms. Elrod to pay $17,500 in fines without reasonably considering her present and future ability to pay as required by R.C. 2929.19(B)(5). (Sentencing T.pp. 1-18; May 18, 2015 Judgment Entry of Sentencing.)**

{¶13} In her second assignment of error, Elrod argues that the trial court erred by imposing the mandatory fines on Elrod without considering, under R.C. 2929.19(B)(5), her present and future ability to pay the fines. In light of our decision to sustain Elrod's first assignment of error, her second assignment of error is rendered moot, and we decline to address it. App.R. 12(A)(1)(c). *See also Hale*, 2014-Ohio-4981, at ¶ 22-23.

{¶14} Having found error prejudicial to the appellant herein in the particulars assigned and argued in her first assignment of error, we reverse the judgment of the trial court and remand for further proceedings.

*Judgment Reversed and*
*Cause Remanded*

**SHAW, P.J. and ROGERS, J., concur.**

**/jlr**