[Cite as *State v. Sothen*, 2017-Ohio-8033.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| SHANE SOTHEN | : | Case No. 17-CA-11 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:              Appeal from the Licking County
                                     Court of Common Pleas, Case No.
                                     16 CR 320




JUDGMENT:                            Affirmed




DATE OF JUDGMENT:                    September 29, 2017




APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

HAWKEN FLANAGAN                      KATHERINE L. WOLFE
Assistant Prosecuting Attorney       Wolfe Law Group, LLC
20 South Second Street, 4th Floor    1350 W. 5th Ave., Suite 124
Newark, Ohio 43055                   Columbus, Ohio 43212

*Baldwin, J.*

{¶1} Defendant-appellant Shane Sothen appeals his sentence issued by the Licking County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On December 1, 2015, during execution of a search warrant at appellant's residence, officers from the Central Ohio Drug Enforcement Task Force found a large marijuana growing operation located within 1,000 feet of a school. The total weight of the marijuana was 23,604 grams. Appellant indicated to the officers that he was growing marijuana to help pay bills.

{¶3} On June 2, 2016 the Licking County Grand Jury indicted appellant on one count of illegal cultivation of marijuana in violation of R.C. 2925.04(A)(C)(1)(5)(f), a felony of the first degree, and one count of possession of marijuana in violation of R.C. 2925.11 (A)(C)(3)(f), a felony of the second degree. At his arraignment June 28, 2016, appellant entered a plea of not guilty to the charges.

{¶4} Thereafter, on January 10, 2017, appellant withdrew his former not guilty plea and entered a plea of guilty to both charges. The trial court found that the two counts merged for purposes of sentencing and appellee elected to have the trial court sentence appellant for possession of marijuana. Pursuant to a Judgment Entry filed on the same date, appellant was sentenced to a mandatory eight year prison term, the maximum sentence for a felony of the second degree, and ordered to pay a mandatory fine in the amount of $15,000.00. Appellant's driving privileges were suspended for a period of five years.

{¶5} Appellant now appeals, raising the following assignment of error on appeal:

{¶6}   I. THE TRIAL COURT ERRED AND IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT ORDERED APPELLANT TO SERVE EIGHT YEARS INCARCERATION AND IMPOSED A $15,000.00 FINE, THE MAXIMUM PRISON SENTENCE FOR FELONIES OF THE SECOND DEGREE.

I

{¶7}   Appellant, in his sole assignment of error, appeals his maximum sentence. Appellant specifically contends that there is not clear and convincing evidence in the record supporting the sentence and that the sentence supports the purposes and principles of sentencing set out under R.C. 2929.11 and 2929.12.

{¶8}   In accordance with R.C. 2953.08(A)(1), appellant is entitled to appeal as of right the maximum sentence imposed on his conviction.  We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum,* 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22.  provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶9}   Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118(1954),

paragraph three of the syllabus. *See also, In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* 161 Ohio St. at 477 120 N.E.2d 118.

{¶10} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. § 2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

{¶11} R.C. § 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. § 2929.11(B).

{¶12} R.C. § 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. § 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶13} In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. § 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306.

{¶14} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13. See also *State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1.

{¶15} Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. Muskingum No. 2006–CA–0025, 2006–Ohio–4061. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶16} There is no requirement in R.C. § 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431, 655 N.E.2d 820(4th Dist. 1995); *State v. Gant,* 7th Dist. Mahoning No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty

on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State v. Woods,* 5th Dist. Richland  No. 05 CA 46, 2006–Ohio– 1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶17}** Appellant asserts that he should not have been sentenced to the maximum sentence because he "remained a law-abiding citizen without incident from the date of his release from incarceration." He further notes that he turned to illegal conduct to support his family when his girlfriend's health declined significantly and that he was remorseful.

**{¶18}** We find, in the case sub judice, the trial court considered and applied the factors set forth in R.C. 2929.11 and 2929.12 in sentencing appellant to the maximum prison sentence. At the hearing, there was discussion on the record that appellant had been convicted of illegal cultivation once before. As noted by the trial court on the record:

**{¶19}** "Well, Mr. Sothen, the Court's considered the purposes and principles of sentencing set out under Section 2929.11, as well as the seriousness and recidivism factors set out under Section 2929.12, and I would say you probably hit them all as far as that goes.

**{¶20}** Mr. Sothen, you were convicted of illegal cultivation actually, I believe, within a very short distance from where this was located in 2012.  Got released early from prison on judicial release.  By the monitoring of your electric and water usage at your residence, they could show that as soon as you were released from supervision on judicial release your electric and water bills went back up.  Actually, if you'd served your term, which was

only four years, you should have been in prison until October of 2016, so really just a few months ago.

**{¶21}** Instead you were granted judicial release and actually terminated early from supervision."

**{¶22}** Sentencing Transcript at 20. The trial court found that appellant was not genuinely remorseful and that appellant was a "professional drug dealer." Sentencing Transcript at 21. We find that the record clearly and convincingly supports the trial court's imposition of the maximum sentence on appellant.

**{¶23}** Appellant also maintains that the trial court should not have imposed the maximum $15,000.00 fine on him because he was indigent. Appellant notes that he was found indigent for purposes of the trial court appointing counsel to represent him. Appellant had filed an affidavit of indigency on June 27, 2016.

**{¶24}** In *State v. Webb,* 5th Dist. Richland No. 14–CA–85, 2015-Ohio-3318, 2015 WL 4899511, this Court held as follows at paragraphs 23-24:

> Further, Ohio law does not prohibit a court from imposing a fine on an "indigent" defendant. That is, the filing of an affidavit of indigency does not automatically entitle a defendant to a waiver of a mandatory fine. *State v. Knox,* 8th Dist. Cuyahoga Nos. 98713 and 98805, 2013-Ohio-1662 [2013 WL 1791391], ¶ 36. *509 Under Ohio law, a trial court must impose a mandatory fine unless (1) the offender files an affidavit of indigency prior to sentencing, and (2) "the trial court finds that the offender is an indigent person and is unable to pay the mandatory fines." *State v. Gipson,* 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). In making its indigency

determination, the court must consider both the offender's present and future ability to pay the fine. R.C. § 2929.19(B)(5).

Additionally, the trial court need not make an "affirmative finding that an offender is able to pay a mandatory fine." *Id.* at 635 [687 N.E.2d 750]. Instead, "the burden is upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine." *Id.* We review the trial court's decision to impose a fine on an indigent defendant for an abuse of discretion. *State v. Ficklin,* 8th Dist. Cuyahoga No. 99191, 2013-Ohio-3002 [2013 WL 3583030], ¶ 5. An abuse of discretion implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶25}** R.C. 2929.19(B)(5) provides that "[b]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."

**{¶26}** At the sentencing hearing, the trial court declined to fine appellant indigent for the purpose of the fine based on the value of property that appellant appeared to own. The trial court stated that appellant had told probation officers that he owned apartments and that investigating detectives had noted that appellant owned a number of vehicles. We find that the trial court considered appellant's ability to pay prior to imposing the fine and that the trial court did not abuse its discretion in fining appellant $15,000.00.

**{¶27}** Appellant's sole assignment of error is, therefore, overruled.

{¶28} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Earle Wise, J. concur.