[Cite as *State v. Holbrook*, 2021-Ohio-4362.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO.  1-21-32

v.

TERRY P. HOLBROOK,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2019 0293

Judgment Reversed and Cause Remanded

Date of Decision:  December 13, 2021

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *Jana E. Emerick* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Terry P. Holbrook ("Holbrook"), brings this appeal from the June 29, 2021, judgment of the Allen County Common Pleas Court sentencing Holbrook to an aggregate eight-year prison term after Holbrook pled guilty to six drug trafficking-related offenses. On appeal, Holbrook argues that he received ineffective assistance of counsel to the limited extent that his attorney failed to file an affidavit of indigency to avoid the imposition of mandatory fines.

*Background*

{¶2} On July 11, 2019, Holbrook was indicted for Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), a fifth degree felony (Count 1); Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a third degree felony (Count 2); Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), a fifth degree felony (Count 3); Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a third degree felony (Count 4); Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), a fourth degree felony (Count 5); and Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(1), a third degree felony (Count 6).[1] According to the bill of particulars, the charges stemmed from Holbrook selling cocaine and/or methamphetamine on various dates from July 30, 2018, to August 14, 2018.

---

[1] Counts 5 and 6 carried a money forfeiture specification in the amount of $125 pursuant to R.C. 2941.1417.

Case No. 1-21-32

{¶3} Holbrook initially entered pleas of not guilty to the charges; however, on the day before his jury trial was scheduled to begin, Holbrook agreed to plead guilty to the charges in the indictment. A Criminal Rule 11 hearing was held wherein his guilty pleas were determined to be knowing, intelligent, and voluntary. At the request of the parties, the matter proceeded directly to sentencing.

{¶4} During the sentencing hearing, defense counsel raised the issue of the mandatory fines in this matter.

> **[DEFENSE COUNSEL]: Yes, your Honor. Thank you. I guess, first, I would like to address the mandatory fine. Now, typically in a case like this I would file a Motion to waive the mandatory fine. Obviously, this all got scheduled pretty quickly and we asked to go directly to sentencing. I didn't have any time to prepare a Motion. But, my client has completed a financial disclosure form. I wasn't sure if we could address that issue.**
>
> **THE COURT: Yea. I can – I can go there because I do it on a regular basis and, again, because I know this was kind of thrown in at the last minute, we have an actual affidavit form that can be used specifically for an Affidavit of Indigency with respect to the mandatory drug fines. I don't think the case law would allow using a regular Affidavit of Indigency for purposes of getting court-appointed counsel to apply. It needs to be specific. I have a form. Shelly would have that form. You could get that. It's just a matter of filling it out real quickly. Mr. Holbrook could sign that Affidavit. If that gets – I don't know if things will get file stamped today before four-thirty anyways, but if you file that with the Court I'll deem that submitted in a timely manner. Okay?**
>
> **[DEFENSE COUNSEL]: Thank you. Thank you, Your Honor.**

(Tr. at 29-30).

{¶5} Following statements by defense counsel and by Holbrook, the trial court pronounced Holbrook's sentence. Holbrook was ordered to serve an aggregate eight-year prison term.[2] After specifically stating the prison terms, the trial court continued, "There is [sic] mandatory fines on Counts Two, Four, and Six of five thousand dollars. I'll impose the minimum mandatory, *but I'll allow that to be waived if you file an affidavit.* I'm not going to impose any fines, discretionary fines, on the other counts." (Emphasis added.) (Tr. at 41).

{¶6} At the conclusion of the sentencing hearing, once the trial court had finished pronouncing Holbrook's sentence, more dialogue took place related to the imposition of mandatory fines.

> **[PROSECUTOR]: Just a formality. Did you give [defense counsel] till four-thirty today to file her affidavit? Because it's after four-thirty.**
>
> **THE COURT: Yea. We can't get it filed. I can't get this filed.**
>
> **[PROSECUTOR]: No, I don't object to any extension.**
>
> **THE COURT: If she can fill it out and get it signed today it will be filed in the morning.**
>
> **[PROSECUTOR]: Yea. I just wanted to let you know I don't object to any extension.**

---

[2] The breakdown of Holbrook's prison term is as follows: six months in prison on Count 1; thirty months in prison on Count 2; six months in prison on Count 3; thirty months in prison on Count 4; twelve months in prison on Count 5; and thirty months in prison on Count 6. Counts 1 and 2 were ordered to be served concurrently with each other, and Counts 5 and 6 were ordered to be served concurrently with each other. With these exceptions, the prison terms were ordered to be served consecutively, for an aggregate ninety-six month prison term, or eight years. These prison terms were further ordered to be served consecutively to Holbrook's current, unrelated prison term from a case in Hardin County.

> **THE COURT: Yea. I knew that when I said that because I figured we would go past four-thirty. But, if you want to pick up an affidavit and get that to me before tomorrow morning at eight o'clock when I file this I'll consider it to be filed prior to sentencing. Sometime tomorrow morning.**
>
> **[COURT REPORTER]: Sometime.**
>
> **THE COURT: The Court Reporter is saying it will be hard to get this all done by eight o'clock tomorrow morning because she'll get in at eight o'clock. All right. Then, the defendant will be remanded and we'll stand adjourned.**

(Tr. at 42-43).

{¶7} The sentencing hearing concluded and no Affidavit of Indigency specifically with respect to the drug fines was ever filed.

{¶8} On July 29, 2021, a judgment entry memorializing Holbrook's sentence was filed. In addition to the prison terms, the written entry imposed $5,000 mandatory fines on Counts 2, 4, and 6; however, the written entry contained some contradictory language related to the mandatory fines. Regarding the fines, the entry first stated:

> **Upon the record before the Court and any evidence presented, and having considered the defendant's present and future ability to pay, the Court finds that the defendant is able to pay a fine, and imposes a fine as listed.**
>
> **\* \* \* [fines for Counts 2, 4, 6 listed] \* \* \***

(Doc. No. 114). However, *the very next paragraph in the entry states*:

> **Upon the record before the Court and any evidence presented, and having considered the defendant's present and future ability**

> **to pay,** ***the Court finds that the defendant is indigent or otherwise is*** ***unable to pay*** **and ORDERS that payment of the mandatory fine on COUNTS TWO, FOUR, and SIX in this case are not** [sic] **waived.**

(Emphasis added.) (*Id*.) Thus the trial court made findings that Holbrook was both able to pay his mandatory fines, and unable to pay his mandatory fines. Regardless of making both findings, the trial court ordered Holbrook to pay the mandatory fines. Holbrook now appeals the trial court's judgment, asserting the following assignment of error for our review.

### Assignment of Error
**Appellant was denied the effective assistance of counsel when his trial counsel failed to file an affidavit of indigency pursuant to R.C. 2929.18(B)(1) to avoid the imposition of mandatory fines following his conviction.**

{¶9} In his assignment of error, Holbrook argues that he received ineffective assistance of trial counsel to the limited extent that trial counsel failed to file an affidavit to waive the mandatory fines despite being prompted to do so by the trial court. The State actually concedes that Holbrook's assignment of error has merit, stating, based on the facts in the record, "there is a reasonable probability that the trial court would have found defendant indigent and waive the imposition of the mandatory drug fines had defendant's trial counsel actually filed the affidavit of indigency." (Appe.'s Br. at 7).

Standard of Review

{¶10} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In the event of deficient or unreasonable performance, prejudice results when " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989), quoting *Strickland* at 694; *see also*, *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, ¶ 10.

Analysis

{¶11} Revised Code 2929.18(B)(1) governs the imposition of mandatory fines for certain drug-related offenses. It also contains a mechanism to avoid imposition of those same mandatory fines. The statute reads as follows:

> **(B)(1) For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section. If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.**

R.C. 2929.18(B)(1).

**{¶12}** We have previously held that "The failure to file an affidavit of indigency prior to sentencing may constitute ineffective assistance of counsel if the record shows a reasonable probability that the trial court would have found the defendant indigent and relieved the defendant of the obligation to pay the fine had the affidavit been filed." *State v. Elrod*, 3d Dist. Allen No. 1-15-49, 2016-Ohio-987, ¶ 8 citing *State v. Harrison,* 3d Dist. Logan No. 8–14–16, 2015–Ohio–1419, ¶ 92; *See also*, *Davis*, *supra*.

**{¶13}** Here, both Holbrook and the State agree that if an affidavit had been filed in this matter, there was a reasonable probability that the trial court would have found him indigent. The record supports the argument of the parties because Holbrook had been found indigent multiple times in this case and he was incarcerated during the pendency of this case for a crime he committed in Hardin County. His affidavits of indigence showed no income and no assets.

**{¶14}** Furthermore, the trial court seemed acutely aware of Holbrook's indigency issues, attempting to prompt trial counsel to timely file an affidavit compliant with R.C. 2929.18(B)(1) prior to the imposition of the final judgment entry. However, trial counsel did not do so.

**{¶15}** We have previously held, in circumstances such as these, that a reasonable probability exists that the trial court would have found a defendant

indigent and relieved the defendant of the obligation to pay mandatory fines if a proper affidavit had been filed pursuant to R.C. 2929.18(B)(1). *State v. Elrod*, 3d Dist. Allen No. 1-15-49, 2016-Ohio-987, ¶ 11. Given the facts of this case, the State's concession, and our own legal precedent, we are compelled to sustain Holbrook's assignment of error, but his sentence is reversed solely for the purpose of permitting Holbrook to file an affidavit of indigency and resentence Holbrook with regard to the fines once the affidavit is considered by the trial court.

### Conclusion

{¶16} For the foregoing reasons, Holbrook's assignment of error is sustained and the judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

**Judgment Reversed and
Cause Remanded**

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlr**