[Cite as *State v. VanCamp*, 2016-Ohio-2980.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                       Court of Appeals No. WD-15-034

      Appellee                               Trial Court No. 2013CR0557

v.

Jack VanCamp                              **DECISION AND JUDGMENT**

      Appellant                              Decided:  May 13, 2016

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, Gwen
Howe-Gebers, David T. Harold and Martha S. Schultes,
Assistant Prosecuting Attorneys, for appellee.

William F. Hayes, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Jack VanCamp, appeals the judgment of the Wood County Court
of Common Pleas, denying his motion to waive a mandatory fine of $7,500 arising from
his conviction for illegal assembly or possession of chemicals for the manufacture of
drugs, pursuant to R.C. 2925.041(A)(C)(2).  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} Appellant was charged with one count of illegal assembly or possession of chemicals for the manufacture of drugs, R.C. 2925.041(A)(C)(2), a felony of the second degree, and one count of illegal manufacture of drugs, R.C. 2925.04(A), a felony of the first degree. At his arraignment on December 20, 2013, appellant entered a plea of not guilty to both counts. The court found appellant to be indigent, and he was appointed counsel.

{¶ 3} On June 27, 2014, after several pretrial issues and negotiations with the state, appellant withdrew his former not guilty plea and entered a plea of guilty to one count of illegal assembly or possession of chemicals for the manufacture of drugs, R.C. 2925.041(A)(C)(2), a felony of the second degree. In exchange, the state agreed to dismiss the remaining count. Prior to entering his plea, appellant engaged in a colloquy with the court in which appellant was informed that as a result of the plea, appellant would be facing a mandatory minimum prison sentence of five years, a mandatory fine of $7,500, and a mandatory three-year term of postrelease control. Appellant acknowledged that he understood these consequences and decided to go forward with the plea.

{¶ 4} After the guilty plea was accepted, the court went directly to sentencing. Both appellant and the state recommended that the defendant be ordered to serve the minimum, five-year prison term, to which the court complied. Appellant also made a motion at that time to waive the mandatory fine of $7,500. The court denied the motion and imposed the mandatory fine. Appellant filed an appeal, challenging the imposition of

2.

the mandatory fine.  However, the appeal was voluntarily dismissed with an agreement that he would be resentenced as to the issue of the mandatory fine.

{¶ 5} Resentencing took place on March 20, 2015, at which point the court again denied the motion and ordered the defendant to pay the mandatory fine of $7,500.  The court memorialized that decision in an order dated March 25, 2015.  It is from this order that appellant has filed his timely appeal.

## B.  Assignment of Error

{¶ 6} On appeal, appellant presents a sole assignment of error for our review:

I.  THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FAILING TO CONSIDER THE DEFENDANT/APPELLANT'S PRESENT AND FUTURE ABILITY TO PAY THE $7,500 MANDATORY FINE IMPOSED BY THE COURT.

## II.  Analysis

{¶ 7} In his assignment of error, appellant argues that the court erred by failing to apply appropriate standards in considering appellant's present and future ability to pay the $7,500 mandatory fine imposed by the court.  We disagree.

{¶ 8} For certain crimes, the court must impose a mandatory fine unless the offender is indigent and is unable to pay.  R.C. 2929.18(B)(1).  Before imposing a financial sanction under R.C. 2929.18 or a fine under R.C. 2929.32, the court must consider the offender's present and future ability to pay the amount of the sanction or fine.  R.C. 2929.19(B)(6).

3.

**{¶ 9}** The decision to impose or waive a fine rests within the sound discretion of the court and will not be reversed on appeal absent an abuse of that discretion. *See State v. Kruse*, 6th Dist. No. WD-05-001, 2006-Ohio-3179, at ¶ 49, citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). The burden is on the offender to affirmatively demonstrate that he is indigent and unable to pay the mandatory fine. *Gipson* at 635. The trial court does not have to make an "affirmative finding that an offender is able to pay a mandatory fine." *Id.* at 634.

**{¶ 10}** Here, appellant argues that the court did not properly consider appellant's present and future ability to pay the mandatory fine, and only speculated that he may be able to someday pay because of his age. We disagree. There are no express factors that the court must take into consideration, nor any findings in regards to the offender's ability to pay that must be made on the record. *State v. Martin*, 140 Ohio App.3d 326, 747 N.E.2d 318 (4th Dist.2000). *See also State v. Smith*, 3d Dist. No. 2-06-37, 2007-Ohio-3129, ¶ 31, citing *State v. Wells*, 3d Dist. No. 13-02-17, 2002-Ohio-5318, ¶ 8.

**{¶ 11}** It is clear from the record that the court took appellant's education into consideration. Although appellant now argues that he has minimal education and lacks a GED, at the July 27 plea and sentencing hearing, appellant told the court that he had three years of college. The court also considered appellant's present and future ability to gain employment. Although appellant claims no apparent employable job skills, his attorney stated at the March 20 hearing that he was gainfully employed two years prior to his

sentencing. Appellant also failed to provide any mental or physical impairment that would prevent him from gaining employment in the future.

{¶ 12} In denying appellant's motion to waive the mandatory fine, the record indicates that the court considered several factors: appellant's education, work experience, lack of impairments, and the fact that he will be an able bodied man in his mid-forties when he is released from prison.

{¶ 13} Accordingly, we conclude that the court complied with R.C. 2929.19(B)(6) by considering appellant's present and future ability to pay the mandatory fine. Thus, denying appellant's motion to waive the mandatory fine was not an abuse of discretion. Appellant's assignment of error is not well-taken.

### III. Conclusion

{¶ 14} Based on the foregoing, the judgment of the Wood County Court of Common Pleas is affirmed. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                                    _____

                                                                           JUDGE

Stephen A. Yarbrough, J.

                                                    _____

James D. Jensen, P.J.                                                JUDGE
CONCUR.

                                                    _____

                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.