[Cite as *State v. Beard*, 2020-Ohio-3393.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

  Appellee

v.

Christopher R. Beard

  Appellant

Court of Appeals No. S-19-018

Trial Court No. 18CR561

**DECISION AND JUDGMENT**

Decided: June 19, 2020

* * * * *

Beth A. Tischler, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

James H. Ellis III, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Christopher R. Beard, appeals from the September 4, 2018 judgment of the Sandusky County Court of Common Pleas convicting him, following acceptance of his guilty pleas, of four counts of aggravated trafficking in drugs (violations of R.C. 2925.03(A)(1) and (C)(1)(c), with one count carrying a specification

that appellant used a motor vehicle in committing the offense and a specification that he committed the offense in the vicinity of a juvenile) and one count of aggravated possession of drugs (in violation of R.C. 2925.11(A) and (C)(1)(b)). Appellant was sentenced to a total aggregate mandatory term of five years. Furthermore, appellant was ordered to pay mandatory fines. For the reasons which follow, we affirm.

{¶ 2} He asserts the following single assignment of error:

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF

COUNSEL IN VIOLATION OF HIS SIXTH AMENDMENT

{¶ 3} In his sole assignment of error, appellant argues his trial counsel erred by failing to file an affidavit of indigency to establish that appellant was unable to pay the mandatory fines required by R.C. 2929.18(B)(1). At the change of plea hearing, trial counsel asserted that appellant would not be able to pay the fines because he would be going to prison for five years. However, trial counsel did not file the affidavit prior to the sentencing hearing. The trial court noted counsel failed to file the motion prior to the sentencing hearing and that the court had already imposed the mandatory fines. Nonetheless, trial counsel sought leave to file the affidavit and the court granted him leave to do so. However, trial counsel filed a partially-completed financial disclosure form utilized by the trial court for purposes of determining whether the defendant is entitled to appointed counsel.

{¶ 4} Appellant asserts that the exchange between the court and trial counsel at the change of plea hearing indicated that the trial court was willing to waive the fines if the

2.

affidavit of indigency was filed. Appellee argues the facts in this case indicated that there was not a reasonable probability that appellant would have been found indigent because he was previously employed, was 35 years old, was sentenced to only five years in prison, and had almost completed college.

{¶ 5} Appellant bears the burden of proving that his counsel was ineffective since an attorney is presumed competent. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *State v. Lott*, 51 Ohio St.3d 160, 174, 555 N.E.2d 293 (1990). To meet this burden of proof, appellant must show that: (1) there was a substantial violation of the attorney's duty to his client, and (2) the defense was prejudiced by the attorney's actions or breach of duty in that there is a reasonable probability of a different result in the case. *Strickland*, *supra*, at 687 and *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

{¶ 6} While R.C. 2929.19(B)(5) requires that a trial court consider the offender's present and future ability to pay the fine, the trial court must impose a mandatory fine unless the defendant files an affidavit of indigency indicating an inability to pay the fine prior to sentencing and the court finds the offender is indigent and unable to pay the fine. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 13, limited by *State v. Harper*, Slip Opinion No. 2020-Ohio-2913, ¶ 42 (holding that the failure to comply with the statutory requirements renders the sentence voidable, not void). The burden of proof of indigency is on the defendant to prove he is unable to pay the fine. *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998).

3.

{¶ 7} Failure to file the R.C. 2929.18(B)(1) affidavit of indigency constitutes ineffective assistance of counsel which can be addressed on direct appeal, rather than in postconviction relief, if there is sufficient evidence in the record demonstrating that the trial court would have found the offender was indigent and unable to pay the fine. *State v. Banks*, 6th Dist. Wood Nos. WD-06-094, WD-06-095, 2007-Ohio-5311, ¶ 16; *State v. Johnson*, 6th Dist. Lucas No. L-03-1046, 2004-Ohio-2458, ¶ 33; *State v. Gilmer*, 6th Dist. Ottawa No. OT-01-015, 2002-Ohio-2045, *2.

{¶ 8} In this case, no presentence investigation report was prepared. The record shows appellant, a life-long resident of Sandusky, Ohio, was gainfully employed at the time of his arrest, he is 35 years old, has completed five years of college and is set to graduate after he completes 29 hours. He is described as "bright," "hard working," "fair and honest," and "intelligent."

{¶ 9} Based on the record, we find that there is no evidence in the record which would indicate that the trial court would have found appellant indigent and unable to pay the mandatory fines imposed. Therefore, we find appellant's sole assignment of error not well-taken.

{¶ 10} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.              _____
                                                                             JUDGE

Arlene Singer, J.                      

                                                                         _____
Christine E. Mayle, J.                              JUDGE
CONCUR.

                                                                           _____
                                                                  JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.