[Cite as *State v. Malone*, 2022-Ohio-1409.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

STATE OF OHIO,                                      :

                         Plaintiff-Appellee,        :      Case
                                                           No.  21CA9

v.                                                  :

DONALD MALONE,                                      :      DECISION AND
                                                           JUDGMENT ENTRY

      Defendant-Appellant.           :

_____

APPEARANCES:

Angela Miller, Jupiter, Florida, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and
Andrea M. Kratzenberg, Lawrence County Assistant Prosecuting
Attorney, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:4-21-22
ABELE, J.

      {¶1} This is an appeal from a Lawrence County Common Pleas

Court judgment of conviction and sentence.  A jury found Donald

Malone, defendant below and appellant herein, guilty of

aggravated drug possession, a second-degree felony.  Appellant

assigns the following errors for review:

            FIRST ASSIGNMENT OF ERROR:

"APPELLANT MALONE WAS DENIED EFFECTIVE
ASSISTANCE OF COUNSEL IN VIOLATION OF THE
SIXTH AND FOURTEENTH AMENDMENTS TO THE
UNITED STATES CONSTITUTION AND ARTICLE I,
SECTION 10 OF THE OHIO CONSTITUION WHEN HIS
ATTORNEY FAILED TO FILE AN AFFIDAVIT OF
INDIGENCY TO WAIVE THE MANDATORY FINE."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN DENYING APPELLANT
MALONE'S MOTION TO SUPPRESS AS THE SEARCH OF
THE LOCKED SAFE IN THE VEHICLE WAS
UNLAWFUL."

THIRD ASSIGNMENT OF ERROR:

"APPELLANT MALONE'S CONVICTION FOR
AGGRAVATED POSSESSION OF DRUGS WAS AGAINST
THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶2} On October 20, 2019, Lawrence County Sheriff's
Sergeant Brian Chaffins stopped appellant's vehicle for a
traffic violation. During the stop, Officer Chaffins learned
about appellant's arrest warrant, he placed him under arrest and
conducted a search.

{¶3} During the search, Sergeant Chaffins found inside
appellant's wallet a "jeweler's bag" that contained what
appeared to be "crystal meth." Based upon this discovery,
Chaffins suspected that additional drugs would be found inside
appellant's vehicle, so he searched the vehicle. The vehicle
search revealed two hypodermic needles near the center of the
front passenger compartment and a small safe on the front

passenger's seat. When Chaffins moved the safe, he heard "something inside of it" and asked appellant about the safe. Chaffins obtained the key to open the safe and discovered approximately 14 or 15 grams "of crystal meth." Appellant later admitted that the safe contained about one half ounce of methamphetamine. The prosecutor filed a bill of information that charged appellant with aggravated drug possession, in violation of R.C. 2925.11(A), a second-degree felony. Appellant entered a not-guilty plea.

{¶4} Subsequently, appellant filed a motion to suppress the evidence discovered during the search of the locked safe located inside his vehicle. Appellant argued that Sergeant Chaffins should have applied for a warrant to search the safe rather than a search during the traffic stop. After the hearing, the trial court overruled appellant's motion to suppress evidence.

{¶5} At the May 10 and 11, 2021 jury trial, the state presented evidence that appellant possessed three bags of methamphetamine that weighed a total of 16.33 grams. Sergeant Chaffins testified that he found two bags of methamphetamine inside the safe located within appellant's vehicle. Chaffins believed that the amount of methamphetamine contained in the two bags weighed between 14 and 15 grams.

{¶6} Lawrence County Sheriff's Deputy Jonathan Spoljaric testified that he found a third bag of methamphetamine when appellant changed clothes at the jail. Spoljaric explained that, when appellant changed into jail clothes, the deputy found a bag of methamphetamine in appellant's underwear. On cross-examination, Spoljaric clarified that the bag of methamphetamine had fallen out of appellant's underwear. He stated: "I do remember methamphetamine being in his underwear and it going onto the floor."

{¶7} Ohio Bureau of Criminal Investigation forensic scientist Michelle Taylor testified that the two bags of methamphetamine that Sergeant Chaffins discovered inside appellant's safe weighed 3.41 grams and 11.82 grams, respectively. Taylor stated that the third bag discovered in the jail weighed 1.10 grams.

{¶8} Appellant testified in his defense and did not dispute that he possessed methamphetamine in his vehicle, but did dispute the amount. Appellant stated that he had purchased 14.7 grams of methamphetamine. He explained that the methamphetamine was weighed at the time of purchase and the amount he purchased weighed "under fifteen grams."

{¶9} Appellant further disputed that he possessed the methamphetamine found at the jail. He denied that the methamphetamine had been in his underwear and had fallen to the floor while he changed into jail clothes. Appellant instead claimed that he noticed a bag of methamphetamine on the floor, and when he tried to pick it up the deputy told appellant not to touch it.

{¶10} After hearing the evidence, the jury found appellant guilty of second-degree-felony aggravated drug possession. The trial court sentenced appellant to serve six to nine years in prison and ordered him to pay a $7,500 fine. This appeal followed.

I

{¶11} In his first assignment of error, appellant asserts that he did not receive the effective assistance of counsel. In particular, appellant alleges that trial counsel performed ineffectively by failing (1) to file an affidavit of indigency, and (2) to ask the court to find appellant indigent and unable to pay the mandatory fine. Appellant claims that, if trial counsel had filed an affidavit of indigency before sentencing, a reasonable probability exists that the court would have found appellant indigent and unable to pay the mandatory fine.

{¶12} The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense.  The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, 571 U.S. 263, 272, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014) (Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶13} To establish constitutionally ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense and deprived the defendant of a fair trial.  *E.g., Strickland*, 466 U.S. at 687; *State v. Myers*, 154 Ohio St.3d 405, 2018-Ohio-1903, 114 N.E.3d 1138, ¶ 183; *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85.  "Failure to establish either element is fatal to the claim." *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.  Therefore, if one element is dispositive, a

court need not analyze both. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (defendant's failure to satisfy one ineffective- assistance-of-counsel element "negates a court's need to consider the other").

**{¶14}** The deficient performance part of an ineffectiveness claim "is necessarily linked to the practice and expectations of the legal community: 'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Padilla v. Kentucky*, 559 U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), quoting *Strickland*, 466 U.S. at 688. Prevailing professional norms dictate that "a lawyer must have 'full authority to manage the conduct of the trial.'" *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, ¶ 24, quoting *Taylor v. Illinois*, 484 U.S. 400, 418, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988).

**{¶15}** Furthermore, "'[i]n any case presenting an ineffectiveness claim, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."'" *Hinton v. Alabama*, 571 U.S. 263, 273, 134 S.Ct. 1081, 188 L.Ed.2d 1 (2014), quoting *Strickland*, 466 U.S. at 688. Accordingly, "[i]n order to show deficient performance, the defendant must prove that counsel's performance fell below

an objective level of reasonable representation." *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95 (citations omitted).

{¶16} Moreover, when considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland*, 466 U.S. at 687; *e.g., State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin*, 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

LAWRENCE, 21CA9

{¶17} To establish prejudice, a defendant must demonstrate that a reasonable probability exists that "'but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the outcome.'" *Hinton*, 571 U.S. at 275, quoting *Strickland*, 466 U.S. at 694; *e.g., State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus; *accord State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 91 (prejudice component requires a "but for" analysis). Furthermore, courts ordinarily may not simply presume the existence of prejudice but, instead, must require a defendant to affirmatively establish prejudice. *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 22; *State v. Tucker*, 4th Dist. Ross No. 01CA2592 (Apr. 2, 2002). As we have repeatedly recognized, speculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim. *E.g., State v. Tabor*, 4th Dist. Jackson No. 16CA9, 2017-Ohio-8656, ¶ 34; *State v. Jenkins*, 4th Dist. Ross No. 13CA3413, 2014-Ohio-3123, ¶ 22; *State v. Simmons*, 4th Dist. Highland No. 13CA4, 2013-Ohio-2890, ¶ 25; *State v. Halley*, 4th Dist. Gallia No. 10CA13, 2012-Ohio-1625, ¶ 25; *State v. Leonard*,

4th Dist. Athens No. 08CA24, 2009-Ohio-6191, ¶ 68; *accord State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 86 (argument that is purely speculative cannot serve as the basis for an ineffectiveness claim).

**{¶18}** In the case sub judice, appellant alleges that trial counsel rendered ineffective assistance of counsel by failing to file an affidavit of indigency before sentencing that stated appellant is unable to pay the mandatory fine. Appellant contends that if trial counsel had filed an affidavit, the trial court would have found the appellant to be indigent and unable to pay the mandatory fine.

**{¶19}** A criminal defendant who seeks to show that trial counsel provided ineffective assistance by failing to file an affidavit alleging indigency and an inability to pay a mandatory fine must establish both of the following: (1) counsel's failure to file an affidavit constitutes deficient performance; and (2) a reasonable probability exists that the trial court would have found the defendant to be indigent and unable to pay the mandatory fine. *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 16.

**{¶20}** In the case at bar, assuming, arguendo, that trial counsel's failure to file an affidavit of indigency constitutes

deficient performance, we do not believe that appellant has

demonstrated that a reasonable probability exists that the trial

court would have found that appellant lacks the ability to pay

the mandatory fine.

R.C. 2929.18(B)(1) states:

If an offender alleges in an affidavit filed with the
court prior to sentencing that the offender is
indigent and unable to pay the mandatory fine and if
the court determines the offender is an indigent
person and is unable to pay the mandatory fine
described in this division, the court shall not impose
the mandatory fine upon the offender.

We note that "the burden is upon the offender to affirmatively

demonstrate that he or she is indigent and is unable to pay the

mandatory fine." *State v. Gipson*, 80 Ohio St.3d 626, 635, 687

N.E.2d 750 (1998). A court must determine whether an offender

is indigent and unable to pay a mandatory fine should not limit

its inquiry to the offender's circumstances "at the moment of

sentencing." *Id.* at 636. Instead, the court "can (and should)

[consider the offender's] future ability to pay." *Id.* Courts

generally have identified some of the following factors as

relevant when considering an offender's ability to pay a fine:

(1) the offender's age; (2) the offender's employment history

and potential; (3) the offender's education; (4) the offender's

health; (5) the length of the offender's prison term; (6) the

offender's source of income; (7) the offender's income potential; (8) whether the offender is indigent; and (9) the amount of the fine. *State v. Lykins*, 2017-Ohio-9390, 102 N.E.3d 503, ¶ 13 (4th Dist.) (citations omitted).

**{¶21}** Importantly, however, "a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have" found the defendant unable to pay a mandatory fine. *Davis* at ¶ 15. Accordingly, a trial court's determination that a defendant is indigent for purposes of appointing counsel does not preclude the court from determining that a defendant has the ability to pay a mandatory fine. *E.g., State v. Nitsche*, 2016-Ohio-3170, 66 N.E.3d 135, ¶ 76 (8th Dist.); *State v. Palmison*, 9th Dist. Summit No. 20854, 2002-Ohio-2900, ¶ 25. Likewise, a trial court is not precluded from imposing a mandatory fine upon an offender who is sentenced to a lengthy prison sentence. *Nitsche* at ¶ 76, citing *State v. Western*, 2015-Ohio-627, 29 N.E.3d 245, ¶ 57 (2d Dist.).

**{¶22}** Appellant contends that the facts shown in the record establish that a reasonable probability exists that the trial court would have found appellant indigent and unable to pay the mandatory fine. Appellant points out that he has "a long history of drug addiction, a lengthy criminal record * * * and

was unemployed both prior to and at the time of trial." The state, however, argues that the facts in the record fail to support a conclusion that a reasonable probability exists that the trial court would have found appellant indigent and unable to pay the mandatory fine. The state notes that appellant told Sergeant Chaffins that appellant "come[s] from a pretty good family." The state further observes that appellant informed Chaffins: "I've got money. I ain't gotta worry about selling dope to supply my habit." The state additionally points out that appellant testified that he buys meth "almost daily," that he buys meth "all the time," and that meth is "part of [his] life." The state also observes that appellant will be of working age when released from prison and nothing in the record shows appellant suffers from any mental or physical problems that may inhibit his ability to earn income when released from prison. The state further notes that appellant stated he has a high-school degree and has completed some college.

{¶23} We agree with the state that appellant has failed to show that a reasonable probability exists that the trial court would have found him indigent and unable to pay the mandatory fine if trial counsel had filed an affidavit before sentencing. Appellant readily admitted that he has money and had no problems

affording his daily drug habit. If appellant has money and the ability to fund his daily drug habit, we do not believe that the trial court likely would have found that appellant lacks the future ability to pay the mandatory fine. We further note that appellant's September 24, 2020 financial disclosure form indicated that he earned $1,000 per month. At trial, appellant stated that he earned money working on computers and cell phones. Nothing in the record suggests appellant would be unable to work in this same capacity after his prison term.

{¶24} Moreover, the record contains no indication that appellant "would be unemployable upon his release, such as a health or medical condition that would preclude him from future employment." *State v. Freeman*, 1st Dist. Hamilton No. C-180090, 2018-Ohio-4973, ¶ 13, citing *State v. Hale*, 5th Dist. Perry No. 14-CA-00010, 2014-Ohio-4981, ¶ 18-20 (reasonable probability existed that trial court would have waived the mandatory fine if counsel had filed an affidavit of indigency due to defendant's medical conditions, including the use of an oxygen tank, hypertension, COPD, IBS, coronary artery disease, obstructive sleep apnea, a stroke, leg pains, and seizures); *State v. Campbell*, 12th Dist. Warren No. CA2012-08-070, 2013-Ohio-3088, ¶ 9-10 (trial court did not err in waiving the mandatory fine

because defendant indigent and not able to work because of diabetes, high blood pressure, nerve damage, torn rotator cuff, depression, anxiety, acid reflux and need for drug treatment). Instead, the record in the case sub judice shows that appellant will be between 36 and 40 years old when released from prison and has no health conditions that would prevent him from obtaining gainful employment. *See State v. Lenhert*, 6th Dist. Wood No. WD-08-078, 2009-Ohio-5392, ¶ 11 ("the trial court could have determined that upon being released from prison, appellant would be in his twenties, able to work and pursue productivity and, therefore, would be able to pay the imposed sanction"); *State v. Johnson*, 6th Dist. Lucas No. L-03-1046, 2004-Ohio-2458, ¶ 47 (defendant failed to demonstrate reasonable probability trial court would have found him indigent when record did not contain information about defendant's finances except for statement at arraignment that he did not have funds to hire attorney).

**{¶25}** Thus, even though appellant is incarcerated and filed an affidavit of indigency for purposes of obtaining appointed appellate counsel, the record does not support a finding that appellant lacks the future ability to pay the mandatory fine. Thus, under these circumstances we are unable to conclude that a

reasonable probability exists that the trial court would have found appellant indigent and unable to pay the mandatory fine if trial counsel had filed a proper affidavit before sentencing. We therefore do not agree with appellant that trial counsel failed to provide appellant with the effective assistance of counsel.

{¶26} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

{¶27} In his second assignment of error, appellant asserts that the trial court erred by denying his motion to suppress the methamphetamine discovered inside the locked safe located inside his vehicle. Appellant contends that Sergeant Chaffins did not have sufficient indicators of drug activity to give him probable cause to open the locked safe.

{¶28} In general, appellate review of a trial court's ruling on a motion to suppress evidence involves a mixed question of law and fact. *E.g., State v. Castagnola*, 145 Ohio St.3d 1, 2015-Ohio-1565, 46 N.E.3d 638, ¶ 32; *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Moore*, 2013-Ohio-5506, 5 N.E.3d 41 (4th Dist.), ¶ 7. Appellate courts thus "'must accept the trial court's findings of fact if they

are supported by competent, credible evidence.'" *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 12, quoting *Burnside* at ¶ 8. Accepting those facts as true, reviewing courts "'independently determine as a matter of law, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.'" *Id.*, quoting *Burnside* at ¶ 8.

**{¶29}** The Fourth and Fourteenth Amendments to the United States Constitution, as well as Section 14, Article I of the Ohio Constitution, protect individuals against unreasonable governmental searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 662, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979); *State v. Gullett*, 78 Ohio App.3d 138, 143, 604 N.E.2d 176 (1992). "[S]earches [and seizures] conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967); *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 98.

**{¶30}** When a law enforcement officer has probable cause to believe that a vehicle contains contraband, the officer may

search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement. *State v. Moore*, 90 Ohio St.3d 47, 51, 734 N.E.2d 804 (2000), citing *Maryland v. Dyson*, 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442 (1999). Probable cause exists when there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Furthermore, "Ohio courts have held that the production of drugs by an occupant of a vehicle independently provides an officer with additional probable cause to believe that the vehicle contains evidence of contraband." *State v. Donaldson*, 6th Dist. Wood No. WD-18-034, 2019-Ohio-232, ¶ 29; *State v. Young*, 12th Dist. Warren No. CA2011-06-066, 2012-Ohio-3131, ¶ 32-33 (once driver admitted he possessed marijuana, officers obtained probable cause to search vehicle).

**{¶31}** Additionally, under the automobile exception to the warrant requirement, law enforcement officers may search containers located within the vehicle so long as they have probable cause to believe that contraband or evidence may be concealed inside the automobile. *California v. Acevedo*, 500 U.S. 565, 580, 111 S. Ct. 1982, 114 L. Ed.2d 619 (1991); *United*

*States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).  In other words, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."  *Ross* at 825.  Consequently, when officers have "probable cause to search for contraband in a car, it is reasonable for police officers * * * to examine packages and containers without a showing of individualized probable cause for each one."  *Wyoming v. Houghton* 526 U.S. 295, 320, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999); *accord State v. Vega*, 154 Ohio St.3d 569, 2018-Ohio-4002, 116 N.E.3d 1262 (officer could lawfully open sealed envelope located inside vehicle when officer possessed probable cause to search vehicle).

{¶32} In the case at bar, we do not agree with appellant that Sergeant Chaffins lacked probable cause to search the vehicle and its contents, including the locked safe, for evidence of criminal activity.  Chaffins discovered methamphetamine inside a wallet that he had retrieved from appellant's person.  Appellant also admitted that he possessed drugs.  The discovery of illegal drugs on appellant's person gave Chaffins probable cause to believe that the vehicle in which appellant had been traveling contained drug-related

evidence. Once Chaffins obtained probable cause to search the vehicle, he could lawfully search the entire vehicle and any place where evidence could be concealed, including the locked safe. The trial court did not, therefore, err by overruling appellant's motion to suppress evidence.

{¶33} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

                                III

{¶34} In his third assignment of error, appellant asserts that his second-degree-felony aggravated drug possession conviction is against the manifest weight of the evidence. Appellant does not dispute that he possessed methamphetamine, but instead disputes the precise amount of methamphetamine that he possessed. Appellant contends that the greater weight of the evidence shows that he possessed less than 15 grams of methamphetamine and, thus, he is not guilty of second-degree-felony aggravated drug possession. Appellant instead suggests that the evidence supports a conviction for third-degree-felony aggravated drug possession.

{¶35} We observe that the "question to be answered when a manifest-weight issue is raised is whether 'there is substantial evidence upon which a jury could reasonably conclude that all

the elements have been proved beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 81, quoting *State v. Getsy*, 84 Ohio St.3d 180, 193–194, 702 N.E.2d 866 (1998), citing *State v. Eley*, 56 Ohio St.2d 169, 383 N.E.2d 132 (1978), syllabus.  A court that is considering a manifest-weight challenge must "'review the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses.'"  *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 208, quoting *State v. McKelton*, 148 Ohio St.3d 261, 2016-Ohio-5735, 70 N.E.3d 508, ¶ 328; *accord State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, 166 N.E.3d 1066, ¶ 80.  The reviewing court must bear in mind, however, that credibility generally is an issue for the trier of fact to resolve.  *State v. Issa*, 93 Ohio St.3d 49, 67, 752 N.E.2d 904 (2001); *State v. Murphy*, 4th Dist. Ross No. 07CA2953, 2008-Ohio-1744, ¶ 31.  "'Because the trier of fact sees and hears the witnesses and is particularly competent to decide "whether, and to what extent, to credit the testimony of particular witnesses," we must afford substantial deference to its determinations of credibility.'"  *Barberton v. Jenney*, 126 Ohio St.3d 5, 2010-Ohio-2420, 929 N.E.2d 1047, ¶ 20, quoting *State v. Konya*, 2nd Dist. Montgomery No. 21434, 2006-Ohio-6312,

¶ 6, quoting *State v. Lawson*, 2nd Dist. Montgomery No. 16288

(Aug. 22, 1997). As the court in *Eastley v. Volkman*, 132 Ohio

St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, explained:

> "'[I]n determining whether the judgment below is
> manifestly against the weight of the evidence, every
> reasonable intendment and every reasonable presumption
> must be made in favor of the judgment and the finding
> of facts. * * *
> If the evidence is susceptible of more than one
> construction, the reviewing court is bound to give it
> that interpretation which is consistent with the
> verdict and judgment, most favorable to sustaining the
> verdict and judgment.'"

*Id.* at ¶ 21, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10

Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), fn.3, quoting 5 Ohio

Jurisprudence 3d, Appellate Review, Section 60, at 191-192

(1978). Thus, an appellate court will generally leave the

issues of weight and credibility of the evidence to the fact

finder, as long as a rational basis exists in the record for its

decision. *State v. Picklesimer*, 4th Dist. Pickaway No. 11CA9,

2012-Ohio-1282, ¶ 24; *accord State v. Howard*, 4th Dist. Ross No.

07CA2948, 2007-Ohio-6331, ¶ 6 ("We will not intercede as long as

the trier of fact has some factual and rational basis for its

determination of credibility and weight.").

{¶36} Consequently, if the prosecution presented substantial

credible evidence upon which the trier of fact reasonably could

conclude, beyond a reasonable doubt, that the essential elements

of the offense had been established, the judgment of conviction is not against the manifest weight of the evidence. *E.g., Eley*; *accord Eastley* at ¶ 12, quoting *Thompkins*, 78 Ohio St.3d at 387, quoting Black's Law Dictionary 1594 (6th ed.1990) (a judgment is not against the manifest weight of the evidence when "'"the greater amount of credible evidence"'" supports it). A court may reverse a judgment of conviction only if it appears that the fact-finder, when it resolved the conflicts in evidence, "'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); *accord McKelton* at ¶ 328. A reviewing court should find a conviction against the manifest weight of the evidence only in the "'exceptional case in which the evidence weighs heavily against the conviction.'" *Thompkins*, 78 Ohio St.3d at 387, quoting *Martin*, 20 Ohio App.3d at 175; *accord State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 166; *State v. Lindsey*, 87 Ohio St.3d 479, 483, 721 N.E.2d 995 (2000). We additionally note that "a verdict is not against the manifest weight of the evidence simply because the fact-finder opts to

believe the state's witnesses." *State v. Donohue*, 4th Dist. Ross No. 18CA3637, 2018-Ohio-4819, ¶ 20.

**{¶37}** In the case sub judice, R.C. 2925.11(A) contains the essential elements of the offense at issue, possession of drugs. The statute states: "No person shall knowingly obtain, possess, or use a controlled substance * * *."

**{¶38}** R.C. 2925.11(C)(1)(c) further provides that a person who knowingly obtains, possesses, or uses a schedule II controlled substance, like methamphetamine, is guilty of second-degree-felony aggravated drug possession when "the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount." R.C. 925.11(C)(1)(b) states that aggravated drug possession is a third-degree felony if the amount of drug involved equals or exceeds bulk amount but is less than five times bulk amount.

**{¶39}** In the case at bar, the state presented evidence that appellant possessed an amount of methamphetamine that equals or exceeds five times the bulk amount. Taylor testified that five times bulk amount is 15 grams and that appellant possessed a total of 16.33 grams of methamphetamine. Appellant contends, however, that his testimony shows that he possessed less than 15 grams of methamphetamine. At trial, appellant (1) denied that

he possessed the bag of methamphetamine located on the jail floor, and (2) testified that the methamphetamine discovered in his vehicle weighed less than 15 grams. Appellant stated that the methamphetamine had been weighed when purchased and weighed only 14.7 grams.

**{¶40}** Even if for purposes of argument, we agreed with appellant that the evidence fails to support a finding that he possessed the 1.10 grams of methamphetamine on the jailhouse floor, the state nevertheless presented substantial, competent and credible evidence that the remaining two bags weighed 15 grams or more. Taylor testified that she weighed the bags that Sergeant Chaffins found in the safe located within appellant's vehicle and one bag contained 3.41 grams of methamphetamine and the other contained 11.82 grams of methamphetamine. The combined weight of methamphetamine totals 15.23 grams. Taylor's testimony, therefore, supports a finding that appellant possessed more than five times the bulk amount.

**{¶41}** We recognize that appellant testified that he purchased 14.7 grams of methamphetamine and his claim that he did not possess more than 15 grams of methamphetamine. The jury, however, was in the best position to assess witness credibility and not obligated to believe appellant's testimony.

The jury obviously chose to believe Taylor's testimony and we cannot conclude that the jury lost its way.  A trier of fact is free to believe all, part or none of the testimony from any witness who appears before the trier of fact.  Consequently, after our review we do not believe that appellant's conviction for second-degree-felony aggravated drug possession is against the manifest weight of the evidence.

{¶42} Accordingly, based upon the foregoing reasons, we overrule appellant's third assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

LAWRENCE, 21CA9

JUDGMENT ENTRY

It is ordered that the judgment be affirmed and appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of 60 days upon the bail previously posted.  The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.  The stay as herein continued will terminate at the expiration of the 60-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the 45-day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.  Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                                   Peter B. Abele, Judge

NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.