[Cite as *State v. Kincade*, 2025-Ohio-2959.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. L-24-1200 |
| Appellee | Trial Court No. CR0202401335 |
| v. | |
| Michael Kincade | **DECISION AND JUDGMENT** |
| Appellant | Decided: August 19, 2025 |

* * * * *

Julia R. Bates, Esq., Lucas County Prosecutor and
Randy L. Meyer, Esq., Assistant Prosecutor, for appellee.

Lawrence A. Gold, Esq., for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Michael Kincade, appeals a judgment of the Lucas County Court of Common Pleas sentencing him to 24 months in prison and a mandatory $5,000 fine following his guilty pleas to trafficking in cocaine and trafficking in fentanyl. For the foregoing reasons, the judgment is affirmed.

## I. Procedural Background

{¶ 2} The Lucas County Grand Jury indicted Kincade on one count each of trafficking in cocaine and possession of cocaine, third-degree felonies, and trafficking in fentanyl and possession of fentanyl, fourth-degree felonies. Kincade pleaded not guilty to the charges.

{¶ 3} On April 25, 2024, Kincade withdrew his not guilty pleas and entered guilty pleas to counts of trafficking in cocaine and fentanyl. Pursuant to a negotiated plea agreement, the State agreed to the dismissal of the possession charges. The matter immediately proceeded to sentencing.

{¶ 4} Kincade's counsel requested the court allow him to "file an affidavit of indigency for waiver of the mandatory fines given the prison sentence that is imposed, given the fact that he's indigent. He does not have the ability to be able to pay that mandatory fine." The court indicated that it would allow the filing.

{¶ 5} The court then sentenced Kincade to 24 months of imprisonment for trafficking in cocaine and 18 months of imprisonment for trafficking in fentanyl, to be served concurrently, and a mandatory $5,000 fine. The court ordered the sentence to be served consecutive to the sentence in case No. CR0202301549 for a total incarceration period of 60 months. Counsel did not file the affidavit of indigency and request to waive the mandatory fine. This appeal followed.

## II. Assignment of Error

{¶ 6} Kincade raises the following assignment of error:

2.

Assignment of Error: Appellant received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Constitution of the State of Ohio.

## III. Analysis

{¶ 7} In his sole assignment of error, Kincade contends that his counsel was ineffective in failing to file an affidavit of indigency and request for waiver of the mandatory fine. He claims the trial court's willingness to entertain an affidavit of indigency evidences a reasonable probability that the court would have found him indigent and unable to pay the fine.

{¶ 8} R.C. 2929.18(B)(1) states:

For a first, second, or third degree felony violation of any provision of Chapter 2925 . . . the sentencing court shall impose upon the offender a mandatory fine . . . . If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶ 9} A properly licensed attorney is presumed competent; an appellant bears the burden of proving his trial counsel's ineffectiveness. *State v. Beard*, 2020-Ohio-3393, ¶ 5 (6th Dist.).

The "[f]ailure to file the R.C. 2929.18(B)(1) affidavit of indigency constitutes ineffective assistance of counsel which can be addressed on direct appeal, rather than in postconviction relief, if there is sufficient evidence in the record demonstrating that the trial court would have found the offender was indigent and unable to pay the fine."

3.

*State v. Lopez*, 2023-Ohio-1924, ¶ 38 (6th Dist.), quoting *Beard* at ¶ 7. The defendant has the burden to demonstrate the inability to pay the mandatory fine. *Beard* at ¶ 6, citing *State v. Gipson*, 80 Ohio St.3d 626, 634 (1998); *State v. VanCamp*, 2016-Ohio-2980, ¶ 9 (6th Dist.). "[S]peculation is insufficient to establish the prejudice component of an ineffective assistance of counsel claim." *State v. Malone*, 2022-Ohio-1409, ¶ 17 (4th Dist.).

{¶ 10} Here, Kincade's sole claim is that the trial court's willingness to entertain his affidavit of indigency evidences the likelihood that his motion would have been granted. Kincade points to no part of the record supporting this claim, thus, his contention is purely speculative. *Lopez* at ¶ 38. During the April 25, 2024 combined plea and sentencing hearing, Kincade stated that he was 34 years old, attended two years of college, and can read, write and understand English. This supports the possibility that following his five-year sentence, he may have the ability to pay the fine. There is also no indication that Kincade would be unemployable upon his release. *Malone* at ¶ 24.

{¶ 11} Notably, Kincade retained counsel during the trial court proceedings. The trial court's appointment of appellate counsel upon finding Kincade indigent is not dispositive of whether he has the ability to pay the fine imposed at sentencing. *State v. Hertzler*, 2025-Ohio-758, ¶ 82 (4th Dist.), citing *Malone* at ¶ 21. "Indigency concerns a defendant's current financial situation, whereas an inability to pay encompasses his future financial situation as well." *State v. Plemons*, 2015-Ohio-2879, ¶ 7 (2d Dist.), citing *Gipson* at 636. Accordingly, Kincade's assignment of error is not well-taken.

4.

## IV. Conclusion

{¶ 12} The judgment of the Lucas County Court of Common Pleas is affirmed.

Pursuant to App.R. 24, Kincade is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See, also,* 6th Dist.Loc.App.R. 4.

Gene A. Zmuda, J.

JUDGE

Myron C. Dhuart, J.

JUDGE

Charles E. Sulek, P.J.
CONCUR

JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.