[Cite as *State v. Trotter*, 2026-Ohio-759.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No.  L-25-00168

     Appellee                               Trial Court No.  CR-25-122

v.

Rodmond Trotter                          **DECISION AND JUDGMENT**

     Appellant                              Decided: March 6, 2026

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Randy L. Meyer, Assistant Prosecuting Attorney, for appellee.

Tyler Naud Jechura, for appellant.

* * * * *

**OSOWIK, P.J.**

{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that sentenced appellant to a period of six months of community control to include 180 days at the Corrections Center of Northwest Ohio (CCNO).

Procedural History

{¶ 2} On January 27, 2025, appellant, Rodmond Trotter was indicted by the Lucas County Grand Jury on Two Counts:  Count 1: Having Weapons While Under Disability,

O.R.C. 2923.13(A)(2), 2923.13 (B), F3; Count 2: Improperly Handling Firearms In A Motor Vehicle, O.R.C. 2923.16(B), 2923.16(I), F4.

{¶ 3} On April 9, 2025, appellant, through counsel, filed a motion to suppress. Several continuances were granted concerning the date of the suppression hearing. Ultimately, on June 23, 2025, appellant entered into a plea agreement with the State. Appellant withdrew his motion to suppress. The plea agreement provided that Trotter would enter a plea of No Contest to a lesser-included offense on Count 2: Attempted Improperly Handling Firearms in a Motor Vehicle, a felony of the fifth degree. At sentencing, Count 1 would be dismissed.

{¶ 4} Trotter waived a presentence report and the court proceeded immediately to sentencing. Trotter was sentenced to six months of community control to include 180 days at CCNO.

Assignment of Error

APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HE TOOK THE PLEA RATHER THAN PROCEED WITH A MOTION TO SUPPRESS AS TAKING THE PLEA WAS AGAINST THE WISHES OF THE APPELLANT. THIS MADE MR TROTTER'S PLEA INVOLUNTARY.

{¶ 5} To establish that trial counsel was ineffective, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *State v. Bunch*, 2022-Ohio-4723, ¶ 26, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The two-part test applies when a defendant claims that he received ineffective assistance of counsel in relation to a no contest or guilty plea. *Hill v. Lockhart*,

2.

474 U.S. 53, 58 (1985); *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing *Strickland.* The failure to make either showing defeats a claim of ineffective assistance of counsel. *State v. Frisbie*, 2024-Ohio-5523 (6th Dist.), ¶ 23-24, *appeal not allowed*, 2025-Ohio-857.

{¶ 6} On the issue of counsel's ineffectiveness, appellant has the burden of proof, since in Ohio a properly licensed attorney is presumably competent. *See Vaughn v. Maxwell*, 2 Ohio St.2d 299 (1965); *State v. Jackson*, 64 Ohio St.2d, 107, 110–111 (1980). *State v. Calhoun*, 86 Ohio St.3d 279, 289 (1999).

{¶ 7} First, he must demonstrate that trial counsel's conduct fell below an objective standard of reasonableness. *Strickland* at 688. Second, he must show that the errors were serious enough to create a reasonable probability that but for the errors, the result of the trial would have been different. *Id*.; *State v. Bradley,* (1989), 42 Ohio St.3d 136. The failure to prove either prong of the test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000, citing *Strickland* at 697. Finally, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland* at 688.

{¶ 8} In this instance, counsel filed a "Motion to Suppress and Request for Evidentiary Hearing." That motion requested that the trial court exclude any and all evidence found during a traffic stop. More specifically, appellant asserted that the initial stop was not based on reasonable suspicion that a traffic violation had occurred and further, that the K-9 unit was unreliable. That motion was withdrawn as a result of the plea agreement.

3.

{¶ 9} Trotter now stoutly proclaims his belief that he would have prevailed on the motion to suppress the traffic stop. He submits no other argument and fails to point to anything in the record or in the motion itself that would support his belief.

{¶ 10} Speculation on the possible success of a motion is insufficient to establish the prejudice component of ineffective assistance of counsel claim. *State v. Kincade,* 2025-Ohio-2959, ¶ 9 (6th Dist.), citing *State v. Malone,* 2022-Ohio-1409, ¶ 17 (4th Dist.).

{¶ 11} Counsel went on to negotiate a plea agreement where one felony would be reduced to a fifth-degree felony and the other charge dismissed. As part of the plea agreement, Trotter would be sentenced to six months of community control, which would include a 180-day sentence at CCNO.

{¶ 12} In evaluating whether Trotter has been denied effective assistance of counsel, the test is whether, under all the circumstances, he had a fair proceedings and specifically, whether substantial justice was done. *State v. Hester* 45 Ohio St.2d 71 (1976), paragraph four of the syllabus.

{¶ 13} In consideration of all of the circumstances of the plea and the resulting plea agreement, Trotter has failed to demonstrate that trial counsel's conduct fell below an objective standard of reasonableness. We find counsel's conduct falls well within the wide range of reasonable professional assistance.

{¶ 14} We therefore need not examine whether there was a reasonable probability the result of the trial would have been different.

The Plea Hearing

4.

{¶ 15} It is important to recognize that a defendant has the ultimate authority to decide whether to enter a no contest or guilty plea. *State v. Grate*, 2020-Ohio-5584, ¶ 121, citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004).

{¶ 16} Trotter does not contest that he affixed his signature to the plea form on June 23, 2025 in open court. That plea form unmistakenly indicates that he was withdrawing his former plea of not guilty and entering a plea of No Contest to the amended charge.

{¶ 17} Significantly, when Trotter was asked directly by the court if he was withdrawing the Motion to Suppress, he responded without hesitation in the affirmative. The following colloquy took place:

> THE COURT:     And that's based on evidentiary concerns. So let's make a record of that here today, based on that Suppression Motion that your lawyer filed on your behalf and some of those issues that he has raised and argued. Really for you're betterment, frankly, because you got a pretty good plea deal out of this, all right. And that's with the understanding that you will withdraw your Motion to Suppress, withdraw your former not guilty plea and you're going to enter a plea of no contest today. Is that you understanding of your plea today, is that right, sir?
>
> MR. TROTTER:   Yes.

{¶ 18} Further, and most importantly, at this point in the proceedings, Trotter was placed under oath by the court.

> THE COURT:     And I'm also going to make sure that you understand the Constitutional rights you're waiving by entering a no contest plea, all right? Could you raise your right hand for me. I'm going to have my Court Reporter place you under oath.

5.

MR. TROTTER: Okay. (Whereupon the witness was duly sworn, examined and testified as follows.)

THE COURT: Could you please state your full name for the record?

MR. TROTTER: Rodmond Trotter.

THE COURT: And how old are you?

MR. TROTTER: I'm 34 years old.

THE COURT: How far have you gone in school?

MR. TROTTER: GED.

THE COURT: So you're able to read and write the English language?

MR. TROTTER: Yes.

THE COURT: Have you served in the military?

MR. TROTTER: No.

THE COURT: Are you a United States Citizen?

MR. TROTTER: Yes.

THE COURT: Have you ingested any medication, drugs or alcohol that would effect your ability to fully understand today's proceedings?

MR. TROTTER: No.

THE COURT: Do you now or have you ever suffered from any mental illness or disease?

MR. TROTTER: No.

THE COURT: I know that you were on PRC when this offense was committed because PRC has been terminated, correct?

MR. TROTTER: Yes.

THE COURT:     Are you on Probation or Community Control for any other courts?

MR. TROTTER: No.

THE COURT:     There have been some promises made to you and some of those are articulated word for word on the agreement. Others will be placed on the record here today. Other than what we discussed, have any promises been made?

MR. TROTTER: No, Your Honor.

THE COURT:     Do you have any questions about this plea agreement?

MR. TROTTER: No, Your Honor.

THE COURT:     Are you satisfied with the representation of your lawyer in this matter?

MR. TROTTER: Yes, Your Honor.

THE COURT:     Do you understand that by pleading no contest to this felony offense that you are not admitting your guilt but that you are admitting the truth of the facts alleged in the indictment?

MR. TROTTER: Yes, Your Honor.

THE COURT:     And do you understand that if the allegations in the indictment are sufficient to state an offense that the Court will find you guilty?

MR. TROTTER: Yes, Your Honor.

{¶ 19} Here, the trial court fully complied with the requirements to accept a no contest plea. *See State v. Turner*, 2005-Ohio-1938. In this case, the trial court conducted a thorough inquiry in open court to ensure that Trotter's No Contest plea was made knowingly, intelligently, and voluntarily. Under oath, Trotter agreed that he was

7.

withdrawing his motion to suppress and that he was satisfied with the representation of his lawyer.

{¶ 20} For the foregoing reasons, we find Appellant's sole assignment of error to be without merit and find it not well-taken and is denied.

<u>Conclusion</u>

{¶ 21} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Trotter is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgement affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See also 6th Dist.Loc.App.R. 4.

8.